UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | |
| | ) | |
| SHARED MARKETING SERVICES, INC. | ) | Bankruptcy No. 12-24275 |
| | ) | |
| Debtor. | ) | Chapter 11 |

COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
(IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: __Espinosa | Trueba, PL__

Authorized to Provide Professional Services to: __Debtor__

Date of Order Authorizing Employment: __August 14, 2012__

Period for Which Compensation is Sought:
From __June 17__, __2013__ through __October 24__, __2013__

Amount of Fees Sought: $ 40,844.00

Amount of Expense Reimbursement Sought: $ 197.80

This is an: Interim Application _____ Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 05/16/13 | 06/15/12 - 03/20/13 | $19,147.00 | $18,147.00 | $15,000.00 |

Dated: __December 3, 2013__       __/s/Stephen T. Bobo__
                                                                            (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| | ) | Case No. 12-24275 |
| SHARED MARKETING SERVICES, INC., | ) | Hon. Jack Schmetterer |
| | ) | |
| Debtor. | ) | Hearing Date: December 24, 2013 |
| | ) | Hearing Time: 10:00 a.m. |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **December 24, 2013** at **10:00 a.m.**, we shall appear before the Honorable Jack B. Schmetterer, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division, in courtroom 682 at the United States Courthouse, 219 S. Dearborn, Chicago, Illinois and then and there present **Espinosa | Trueba, PL's Motion for the Allowance of Final Compensation** pursuant to 11 U.S.C. §§330 and 331 of the United States Bankruptcy Code (the "Bankruptcy Code"), to William R. Trueba, Jr., Esq. and the law firm of Espinosa | Trueba, P.L. ("E.T. Law"), copy of which is attached hereto.

Dated: December 3, 2013.

                                                             SHARED MARKETING SERVICES, INC.


                                                             By:/s/ Stephen Bobo
                                                                 One of Its Attorneys

Stephen T. Bobo (#6182054)
Aaron B. Chapin (#6292540)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
sbobo@reedsmith.com
achapin@reedsmith.com

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE ) | Chapter 11 |
| ) | Case No. 12-24275 |
| SHARED MARKETING SERVICES, INC., ) | Hon. Jack Schmetterer |
| ) | |
| Debtor. ) | |
| ) | |

**ESPINOSA | TRUEBA P.L.'S
MOTION FOR THE ALLOWANCE OF FINAL COMPENSATION**

Espinosa | Trueba, P.L. moves this Court pursuant to 11 U.S.C. §§ 330 and 331 of the United States Bankruptcy Code (the "Bankruptcy Code"), for the allowance of final compensation (the "Motion" or "Application"), to William R. Trueba, Jr., Esq. and the law firm of Espinosa | Trueba, P.L. ("ET Law") in the amount of $41,041.80, for post-petition services provided as special counsel to the Debtor from June 13, 2013 to October 24, 2013, (the "Application Period"). In support of its Motion, ET Law states as follows:

**I. BACKGROUND AND CASE STATUS**

1. On June 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"). The Debtor manages its affairs as debtor in possession under 11 U.S.C. §§ 1107 and 1108.

2. The filing of this Chapter 11 proceeding was necessitated by a patent infringement case brought against the Debtor and one of its customers by eComsystems, Inc. ("eCom") in the U.S. District Court for the Middle District of Florida (the "Patent Litigation"). In that case, eCom alleged that certain software used by the Debtor to conduct certain aspects of its business infringed upon one or more patents owned by eCom.

3. The Debtor actively contested these allegations but ultimately the cost of defending the Litigation overwhelmed the resources of the Debtor and drained its working capital. Its original counsel withdrew because the Debtor was unable to further pay them for their services.

4. The Debtor engaged ET Law as successor counsel relatively late in the Patent Litigation, during the period of January 20, 2012 to February 24, 2012. As of that date, ET Law sought to withdraw from representing the Debtor in the Litigation. After the Court granted ET Law's motion to withdraw because of the Debtor's inability to pay ET Law's invoices, the Debtor was left unrepresented and found to be in default in the Patent Litigation.

5. In June 2012, the Debtor re-engaged ET Law to assist it in connection with the claims asserted by eCom and in seeking a resolution of such claims and paid it an additional retainer of $15,000.00.

6. On August 8, 2012, the Debtor filed its Application to Retain ET Law as Special Litigation Counsel [D.E. 45] to, among other things, assist the Debtor in connection with quantifying the disputed and unliquidated claim of eCom, providing legal advice to the Debtor regarding the merits of the eCom claim and potential amounts for which such claim could be liquidated, advising the Debtor in discussions or negotiations with eCom regarding its claim, and to represent the Debtor in any litigation regarding the eCom claim.

7. On August 14, 2012, this Court approved the Application and entered an Order Granting Application to Employ ET Law as special counsel [D.E. 52].

8. Since the commencement of this Chapter 11 case, the Debtor and its counsel have conferred with ET Law on issues relating to the Patent Litigation and the claims asserted by eCom, as set forth in greater detail below.

- 3 -

9. On or about June 18, 2013, a hearing was held in this case to determine various pending motions, including eCom's motion to lift the stay on the underlying Patent Litigation as well as ET Law's Application for Interim Compensation.

10. On or about June 18, 2013, this Court entered an Order allowing compensation to ET Law in connection with its previously filed Interim Application for Compensation. The Court's Order allowed for compensation to ET Law in the sum of $18,147.00. Of that, the sum of $15,000 was paid to ET Law. The sum of $3,147.00 is still owing.

11. On or about August 27, 2013, this Court issued an Order granting eCom's Motion to Reopen the Patent Litigation and to determine pending motions connected therewith [D.E. 177]. The pending motions included eCom's Motion for Final Default Judgment [D.E. 165] and Motion for Attorneys' Fees [D.E. 173].

12. On or about August 29, 2013, ET Law, as Special Counsel for the Debtor filed a Response in Opposition to the Motion for Entry of Final Judgment. [D.E. 180].

13. A hearing on the pending motions in the Patent Litigation was scheduled for September 5, 2013 [D.E. 184].

14. Prior to the hearing, eCom and the Debtor, through their respective counsel, entered into settlement discussions and ultimately entered into a settlement agreement which resulted in the Court cancelling the September 5, 2013 hearing.

15. On or about September 6, 2013 the Court issued an Order dismissing the Patent Litigation as per the parties' settlement agreement. [D.E. 185].

16. On or about September 9, 2013, a Consent Final Judgment was entered. [D.E. 188].

17. This Motion follows.

## II. JURISDICTION AND VENUE

18. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

19. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code.

## III. SUMMARY OF SERVICES RENDERED

20. In this case, ET Law expended a significant amount of time and expense advising and assisting the Debtor in connection with the claims asserted by the Creditor eCom in relation to the Patent Litigation and claims asserted by eCom in that case (the "Services"). In particular, ET Law expended much time and effort in advising the Debtor and bankruptcy counsel regarding the underlying Patent Litigation once the underlying case was reopened in August, 2013.

21. By this Application, ET Law seeks approval and payment for a total of 98.80 hours of services rendered during the Application Period. ET Law served as Special Counsel to the Debtor and Debtor's Counsel, Reed Smith LLP ("Reed Smith") during the Application Period in connection with the following types of matters:

    a. conducted legal research on issues including patent issues relating to eCom's motions for entry of final default judgment and motion for attorneys' fees; on what constitutes appropriate damages; on what constitutes a reasonable royalty even in the case of a default judgment; on the likelihood of court hearing evidence in opposition to reasonably royalty after entry of default; on the criteria for excusable neglect; on the elements to determine willfulness in the case where one seeks enhanced damages;

b. assisted and advised Debtor (in conjunction with Debtor's counsel, Reed Smith) regarding status of underlying Patent Litigation, the motions to set aside the stay, and the motions for default judgment and for fees; and general strategy regarding responding to said motions;

c. assisted and advised Debtor and Debtor's counsel, Reed Smith, on various issues raised in eCom's motion for default final judgment and motion for fees, including the analysis of the motions and preparation of responses/oppositions to said motions;

d. reviewed and revised settlement documents and advised Debtor's counsel, Reed Smith, regarding same;

22. The specific services provided during the Application Period are separated into the following categories:

A. General Strategy and Advice on Documents;

B. Legal Research;

C. Analysis of Motions and Preparation of Oppositions;

D. Attendance at Hearing on Multiple Motions

E. Strategize on Resolution and Settlement of Claims

F. Preparation of Application for Fees.

A detailed description of the services in each of the categories is set forth below, and a detailed statement of services rendered by ET Law during the Application Period is attached hereto as **Exhibit "A"** and incorporated herein by reference.

A. <u>General Strategy and Advice on Documents</u>

23. During the Application Period, ET Law devoted 43.20 hours of services toward discussing general strategy on the bankruptcy case, in particular the underlying Patent Litigation.

In particular, ET Law reviewed and advised the Debtor and Debtor's counsel regarding the motion to set aside the stay, ET law reviewed and advised the Debtor and bankruptcy counsel on the court order that set aside the stay on the Patent Litigation and the status of the Patent Litigation prior to the stay; ET Law rendered advice on the turnover and handling of documents designated highly confidential in the Patent Litigation; ET Law discussed with the Debtor and Debtor's counsel the strategy and options should the court reopen the Patent Litigation; ET Law lead the efforts in interviewing potential expert damages and rendered advice on same for the purpose of rebutting eCom's claims for damages and alleged royalty sums that eCom claimed in its motion for entry of final default judgment; ET Law consulted and rendered advice on reasonable versus and unreasonable royalties; ET Law discussed and strategized with Debtor and Debtor's counsel on the motions for entry of default final judgment and motion for fees pending in the Patent Litigation and discussed strategy for opposing the motions; ET Law strategized and discussed with Debtor and Debtor's counsel possible third party transactions over patents for reasonable royalty determination; ET Law reviewed documents and rendered advice on court order reopening the Patent Litigation and rendered advice on preparation for evidentiary hearing on the motions. Despite expending 43.20 hours on these tasks, ET Law has reduced some of the fees and is seeking the sum of $17,608. (*See* Exhibit A).

B. Legal Research

24. During the Application Period, ET Law dedicated 24.9 hours of services toward legal research on various issues requested by Debtor and/or Debtor's counsel. Specifically, ET Law attorneys William Trueba and Francesca Russo conducted legal research on the following issues: damages claimed by eCom in its motion for entry of default final judgment; willfulness; analysis of authorities cited by eCom in its motion for entry of final default judgment and motion

for fees; burden on damages; criteria for determining what constitutes reasonable royalties; and investigation and research on potential expert damages. The total amount requested for this category is $10,116. (*See* Exhibit A).

### C. Analysis of Motions and Preparation and Draft of Oppositions

25. During the Application Period, ET Law devoted 32.7 hours in preparing and drafting oppositions to eCom's motions for entry of default final judgment, eCom's motion for fees as well as declarations in support of the oppositions. ET Law also prepared and drafted a motion for leave to file the said oppositions. The total amount requested for this specific category is $13,167. (*See* Exhibit A).

### D. Attendance at Hearing

26. During the Application Period, ET Law devoted 2 hours to attending a hearing on multiple motions in this case including eCom's motion to lift the stay in the Patent Litigation and this Court's determination of ET Law's prior application for interim compensation. The total amount requested for this category is $840 (*See* Exhibit A).

### E. Strategize on Resolution and Settlement of Claims

27. During the Application Period, ET Law devoted 14.1 hours toward discussions and meetings related to settlement of all claims between the Debtor and eCom, including drafting settlement documents. The total amount requested for this category is $5,390 (*See* Exhibit A).

### F. Preparation of Application for Fees

28. A portion of the hours on Exhibit A attached hereto reflect preparation of ET Law's Motion for the Allowance of Final Compensation. ET Law devoted 8.2 hours to preparation of this Motion and supporting documents. The total amount requested for this category is $3,315.0. (*See* Exhibit A).

- 8 -

## IV. STATEMENT PURSUANT TO SECTION 504 AND BANKRUTCY RULE 2016(b)

29. Pursuant to Sections 330 and 331 of the Bankruptcy Code, the court may award to a professional person (i.e. attorney) "reasonable compensation for actual, necessary services rendered by the...attorney and by any paraprofessional person employed by any such person...."

30. The fees incurred by ET Law in providing the Services, provided a concrete benefit to the estate in that ET Law's analysis of the documents that were produced in the Patent Litigation by both parties and ET Law's analysis of the motions that were filed in the Patent Litigation and the preparation of oppositions thereto contributed to positioning the parties to where they could negotiate and settle the claims in the Patent Litigation. ET Law's Services were especially necessary given ET Law's familiarity, experience and background with the issues presented in the Litigation.

31. Accordingly, ET Law submits that the Services provided a substantial benefit to the estate and were reasonable and appropriate, and the requested final compensation should be approved.

32. There has been no duplication of Services by the ET Law attorneys. The services provided by ET Law attorney William Trueba were distinct from the services provided by ET Law attorney Francesca Russo. In particular, William Trueba and Francesca Russo divided between them the research issues and the various portions of drafting of legal papers. Also, Mr. Trueba was the only one involved in the settlement negotiations and all services related thereto. Additionally, Mr. Trueba was involved in handling all aspects of advising the Debtor on general strategy. Mr. Jorge Espinosa only participated in conference call with the Debtor regarding strategy and settlement negotiations.

- 9 -

33. William Trueba, Founder and Member of ET Law, is a 1997 graduate of the University of Miami School of Law and he has been practicing law for 15 years. His hourly billing rate is $420.00. William Trueba is a patent attorney registered with the United States Patent and Trademark Office. His undergraduate background is in Electrical Engineering. His practice centers on the domestic and international enforcement of patent and trademark rights. In addition to litigation, he is also experienced in the prosecution of patent and trademark applications.

34. Francesca Russo's services primarily focused on legal research and drafting of papers in opposition to eCom's Motions. Ms. Russo' services also related to the preparation of this Motion as more fully set forth in Exhibit A attached hereto. Ms. Russo is a senior attorney and Of Counsel to ET Law. She graduated from Ottawa University School of Law, in Ontario, Canada in 1993 and from Nova Southeastern University School of Law in 1999. Ms. Russo's hourly billing rate is $390.00. Combined, Francesca Russo has been practicing law for close to 18 years. She specializes in commercial litigation and alternative dispute resolution. She has worked with a broad range of clients, both domestic and international, on all phases of the litigation process before federal and state courts in various areas of commercial litigation including, but not limited to, breach of contract and tort claims, civil theft, trade secrets, trademark litigation, transportation litigation, real estate litigation, corporate and business litigation, directors and officers liability, and fraud. In addition to litigation, Ms. Russo has extensive experience in alternative dispute resolution. She also has substantial experience serving as local counsel for firms seeking to enforce or defend their clients' rights in South Florida.

35. Jorge Espinosa, Founder and Member of ET Law, is a 1988 graduate of the University of Miami School of Law and he has been practicing law for 25 years. His hourly billing rate is $440. Jorge Espinosa is a certified intellectual property law attorney. His practice centers on the domestic and international enforcement of trademark rights. He is also experienced in the area of patent litigation. In addition to litigation, he is also experienced in the prosecution of trademark applications.

36. Overall, William Trueba provided 55.60 hours (in addition 1.40 hours were given as a courtesy discount) of services during the Application Period, for which a total of $23,352.00 in fees were incurred. Francesca Russo provided a total of 44.40 hours (in addition 1.10 hours were given as a courtesy discount) during the Application Period, for which a total of $17,316.00 in fees were incurred. Jorge Espinosa provided a total of .40 hours of services during the Application Period, for which a total of $176.00 in fees were incurred.

37. In light of the foregoing, ET Law submits that the fees and costs incurred are reasonable and appropriate and this Court should allow payment of fees and costs in the sum of $41,041.80 to ET Law.

## V. PAYMENT OF REQUESTED COMPENSATION FROM RETAINER HELD BY ET LAW AND FROM THE DEBTOR BANKRUPTCY ESTATE

38. ET Law requests authorization from this Court to be paid from the Debtor's bankruptcy estate. The declarations of William R. Trueba, Jr., and Francesca Russo, submitted in support of this Application and attesting to the accuracy of the information contained therein is attached hereto as **Composite Exhibit "B."**

**WHEREFORE**, Espinosa | Trueba, P.L., respectfully requests the entry of an order awarding and approving the payment of final compensation in the amount of $40,844.00 in fees and the sum of $197.80 in costs for a total of $41,041.80, to William R. Trueba, Jr., Esq., and the

- 10 -

- 11 -

law firm of Espinosa | Trueba, P.L. for the post-petition Services provided as special counsel to the Debtor; and for such other relief as may be appropriate and just in the circumstances.

Dated: December 3, 2013.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By: /s/Stephen T. Bobo
　　　　　　　　　　　　　　　　　　　　　　　　Stephen T. Bobo (#6182054)
　　　　　　　　　　　　　　　　　　　　　　　　Aaron B. Chapin (#6292540)
　　　　　　　　　　　　　　　　　　　　　　　　REED SMITH LLP
　　　　　　　　　　　　　　　　　　　　　　　　10 South Wacker Drive
　　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 207-1000
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (312) 207-6400
　　　　　　　　　　　　　　　　　　　　　　　　sbobo@reedsmith.com
　　　　　　　　　　　　　　　　　　　　　　　　achapin@reedsmith.com

## CERTIFICATE OF SERVICE

I, Stephen T. Bobo, certify that on December 3, 2013, I caused the foregoing **Espinosa Trueba, PL's Motion for the Allowance of Final Compensation,** to be served on the parties via the Court's CM/ECF system, to each party that has filed an electronic appearance in this proceeding and First Class U.S. Mail postage prepaid on the following party:

Rick Lattanzio
Shared Marketing Services, Inc.
444 N. Michigan Ave.
Suite 2800
Chicago, IL 60611


By: /s/ Stephen T. Bobo
One of Its Attorneys