# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re                                      )
    SHARED MARKETING SERVICES, INC.   )
                                       )   Bankruptcy No. ____12 B 24275____
                                       )
                  Debtor.              )   Chapter ____11____

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____ Reed Smith LLP _____

Authorized to Provide Professional Services to: _____ Shared Marketing Services, Inc. _____

Date of Order Authorizing Employment: _____ July 23, 2012 nunc pro tunc to June 15, 2012 _____

Period for Which Compensation is Sought:
From _____ November 1 _____, 2013   through _____ December 31 _____, 2013

Amount of Fees Sought:   $ 27,062.00

Amount of Expense Reimbursement Sought:   $ 778.60

This is an:   Interim Application _____      Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| December 3, 2013 | 10/17/12-10/31/2013 | $219,715.94 | $219,715.94 | $72,608.18 |
| November 5, 2012 | 6/15/12-10/16/12 | $72,608.18 | $72,608.18 | $37,108.18 |

Dated: _____ February 11, 2014 _____          _____ /s/Stephen T. Bobo _____
                                                              (Counsel)

(Rev 11/19/10)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| | ) | Case No. 12-24275 |
| SHARED MARKETING SERVICES, INC., | ) | Hon. Jack B. Schmetterer |
| | ) | |
| Debtor. | ) | Hearing Date: March 11, 2014 |
| | ) | Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on Tuesday, March 11, 2014 at 10:00 a.m., we shall appear before the Honorable Jack B. Schmetterer, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division, in **Courtroom 682** of the United States Courthouse, 219 S. Dearborn, Chicago, Illinois and then and there present the **Application of Reed Smith LLP for Allowance of Final Compensation and for Reimbursement of Expenses as Counsel to Shared Marketing Services, Inc.**, a copy of which is attached hereto and hereby served upon you.

Dated: February 11, 2014.

REED SMITH LLP

By: /s/ Stephen T. Bobo
One of Its Attorneys

Stephen T. Bobo
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
sbobo@reedsmith.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>SHARED MARKETING SERVICES, INC.,<br><br>Debtor. | Case No. 12 B 24275<br>Chapter 11<br><br>Honorable Jack B. Schmetterer |

### APPLICATION OF REED SMITH LLP FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO SHARED MARKETING SERVICES, INC.

Reed Smith LLP ("Reed Smith") submits this Application for Allowance of Final Compensation and Reimbursement of Expenses as principal counsel to Shared Marketing Services, Inc., (the "Debtor"), including the period of November 1, 2013 through December 31, 2013 for which an application has not previously been submitted (the "Application Period"), pursuant to Section 330 of the Bankruptcy Code. Reed Smith seeks payment of $27,062.00 in professional compensation and expense reimbursement in the amount of $778.60 in connection with its services during the Application Period, as well as confirmation of the amounts of interim compensation previously awarded to Reed Smith in this case. In support of its application, Reed Smith represents as follows:

## I.    BACKGROUND AND CASE STATUS

1. On June 15, 2012, the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

2. The Debtor continued to operate its business and manage its affairs as debtor-in-possession through December 31, 2013 when its chapter 11 plan became effective.

3. This Court entered an Order approving the retention and employment of Reed Smith as counsel to the Debtor on July 23, 2012 *nunc pro tunc* to June 15, 2012.

4. Reed Smith has been employed by the Debtor pursuant to Section 327 of the Bankruptcy Code and is entitled to compensation on an hourly basis, plus reimbursement of actual and necessary expenses. This is Reed Smith's application for final compensation in this case.

5. On November 5, 2012, Reed Smith filed its initial application for interim compensation for the period of June 15, 2012 through October 16, 2012. On December 12, 2012, this Court entered an amended order granting the application and awarding interim compensation in the amount of $70,505.00 and expense reimbursement in the amount of $ 2,103.18 to Reed Smith.

6. On December 3, 2013, Reed Smith filed its second application for interim compensation for the period of October 17, 2012 through October 31, 2013. On December 30, 2013, this Court entered an order granting the application and awarding interim compensation in the amount of $211,812.00 and reimbursement of expenses in the amount of $7,903.94 to Reed Smith.

7. The Debtor had been in the business of operating a Chicago-based specialty advertising agency since 1986. At the time of filing its chapter 11 petition, it employed 48 people at its premises located at 444 North Michigan Avenue, Chicago, Illinois.

8. For calendar year 2011, the Debtor had revenues of approximately $4.5 million, and for 2010 it had revenues of nearly $12 million.

9. The filing of this chapter 11 proceeding was necessitated by a patent infringement case brought against the Debtor and one of its customers by eComSystems, Inc. ("eCom") in the U.S. District Court for the Middle District of Florida (the "Litigation"). In that case, eCom

alleged that software used by the Debtor to conduct a portion of its business infringed upon one or more patents owned by eCom.

10. The Debtor actively contested these allegations, but the cost of defending the Litigation overwhelmed the resources of the Debtor and drained its working capital. Its litigation counsel withdrew from the case because the Debtor was unable to further pay for their services.

11. After the court granted its counsel's motion to withdraw, the Debtor was left unrepresented and was found to be in default in the Litigation.

12. Thereafter eCom filed a motion for entry of default judgment against the Debtor, asserting entitlement to alleged damages of $9.8 million plus over $1 million in attorney's fees. No hearing was held or ruling was made on this motion before the Debtor filed its chapter 11 petition on June 15, 2012.

13. The Debtor and eCom ultimately worked out an overall resolution of all issues between them, and that settlement was approved by an order of this court. The settlement included the treatment of eCom's pre-petition and post-petition claims against the Debtor, eCom's request for an injunction against the Debtor's operations, and eCom's objections to the Debtor's chapter 11 plan.

14. Reed Smith was actively involved with counseling the Debtor regarding its strategic alternatives. It reached out to significant other parties, including meeting with potential purchasers and counsel for eCom. Reed Smith also advised the Debtor with respect to its rights and obligations in connection with a plan of restructuring or liquidation.

15. During the time that the Debtor was in this chapter 11 proceeding, it has been current with filing its monthly operating reports and quarterly reports. It has generally been paying its post-petition debts as they come due.

16. The Debtor and its landlord, GLL Properties 444 N. Michigan L.P., agreed to two lease modification agreements in which the Debtor surrendered its interest in certain unused premises, moved to a different floor and reduced its ongoing rent. The agreements also provided that they did not constitute an assumption or rejection of the lease. Both agreements were approved by orders of this court.

17. Reed Smith represented the Debtor in working out resolutions of disputes with several of its customers. One of the most significant of these disputes involved Ace Hardware Corporation, and the Debtor's motion seeking approval of the settlement terms between the parties was granted. Reed Smith also assisted the Debtor to resolve payment and transition issues with other customers.

18. The Debtor proposed a Second Amended chapter 11 Plan that provides for its continued operations through the earlier of the date on which it sold its business or December 31, 2013. That plan was accepted by all classes of creditors who were entitled to vote on it and was confirmed by an order entered by this court on November 14, 2013.

19. The Debtor also filed a motion to approve a sale of its operating assets, except for accounts receivable. The sale was approved by an order entered by this court on December 17, 2013. The sale closed on December 20, 2013, but became effective as of the close of business on December 31, 2013.

20. The Effective Date for the Plan was reached on January 1, 2014. Pursuant to the terms of the Plan, Alex Moglia as Liquidating Trustee assumed control of the remaining assets of the Debtor at that time and thereafter has been proceeding to collect the remaining accounts receivable.

21. Accordingly, the issues in the case are essentially completed. As accounts receivable are collected, the proceeds can be distributed pursuant to the Plan.

## II. SUMMARY OF SERVICES RENDERED

22. By this Application, Reed Smith seeks approval and payment for a total of 40.90 hours of services rendered and for reimbursement of certain expenses incurred during the Application Period. Reed Smith represented the Debtor during the Application Period in connection with the following types of matters:

   a. advised the Debtor in connection with its duties and responsibilities as debtor in possession;

   b. advised and represented the Debtor regarding the administration of this case and communications with creditors and representatives of the U.S. Trustee's office;

   c. assisted and advised the Debtor in connection with claims filed against it;

   d. advised and represented the Debtor in connection with the sale of its business, the approval of the sale by the court, and the closing and consummation of the sale;

   e. obtained confirmation of the Debtor's Second Amended Plan and planned for the Effective Date;

   f. worked to transition control of the Debtor's assets to the Liquidating Trustee pursuant to the liquidating trust agreement for the Debtor; and

   g. communicated with various creditors regarding the status of the Debtor's chapter 11 Plan.

23. For ease of review and understanding the specific services provided during the Application Period, Reed Smith has separated them into the following four general categories:

   A. General Administration

   B. Confirmation and Consummation of the Debtor's Plan

   C. Sale of the Business

   D. Application for Compensation

A description of the services in each of the categories is set forth below, and detailed

statements itemizing the individual services rendered by Reed Smith during the Application Period are attached hereto as Exhibits A through D and incorporated herein by reference.

A. **General Administration**

24. During the Application Period, Reed Smith has dedicated 4.10 hours of services related to general administration of this case. These services include attending status hearings before this Court, reviewing amended claims and conferring with the Debtor's management about them, reviewing and filing the Debtor's monthly operating reports, and assisting special counsel t finalize and file its application for compensation. By these efforts, Reed Smith has efficiently represented the Debtor and its estate. The total amount requested for this category is $2,607.50. Stephen Bobo provided 3.70 hours of services in this category, for which Reed Smith seeks $2,497.50, and E. Anne Arundel provided .40 hours of services, for which Reed Smith seeks $110.00. A detailed listing of the time entries in this category is contained in Exhibit A attached hereto.

B. **Chapter 11 Plan Confirmation and Consummation**

25. During the Application Period, Reed Smith devoted 5.40 hours of services to confirming and consummating the Debtor's Second Amended Chapter 11 Plan. The Debtor's Plan was accepted by its creditors and confirmed by this court on November 14, 2013. The services in this category included preparing for and conducting the confirmation hearing, conferences with management and the Liquidating Trustee regarding planning for the consummation of the Plan and the intended Effective Date, draft summary of allowed claims for the Liquidating Trustee, and draft notice of the Effective Date of the Plan. The total amount requested for this category is $3,645.00. Stephen Bobo provided the services in this category. A detailed listing of the time entries in this category is contained in Exhibit B attached hereto.

C. **Sale of the Business**

26. The largest category of Reed Smith's services during the Application Period was devoted to the sale of the Debtor's business. These services totaled 26.80 hours and included communications with various interested parties and their counsel regarding a potential transaction, meetings with management regarding potential purchasers and structuring appropriate sale terms, discussing potential sale terms with attorneys for potential purchasers, negotiating and documenting an asset purchase agreement with the stalking horse bidder, preparing a motion to approve the sale and supporting documents, and conferring with creditors and the attorney for the U.S. Trustee regarding sale terms and timing of a potential sale. The Debtor's sale motion was approved on December 17, 2013, and the sale closed on December 20, 2013. The total amount requested for this category is $17,704.50. Stephen Bobo provided 25.30 hours of the services in this category, for which $17,077.50 is sought. Aaron Chapin provided 1.10 hours of services in connection with the motion to approve the sale of assets, for which Reed Smith seeks $517.00. Ann Arundel provided .40 hours of services, for which $110.00 is sought, in connection with the filing of the sale motion and the service of notices relating to that motion. A detailed listing of the time entries in this category is contained in Exhibit C attached hereto.

D. **Application for Compensation**

27. During the Application Period, Reed Smith spent 4.60 hours of services relating to the preparation and presentation of its second application for interim compensation and expense reimbursement as well to the court hearing relating to its second application for interim compensation and expense reimbursement. The total amount requested for this category is $3,105.00. Stephen Bobo provided the services in this category. A detailed listing of the time entries in this category is contained in Exhibit D attached hereto.

### III. STATEMENT OF EXPENSES INCURRED

28. Reed Smith seeks reimbursement for expenses incurred during the Application Period totaling $778.60. The bulk of these expenses was photocopying charges, totaling $544.20 at the rate of $0.15 per page, primarily in connection with the Debtor's sale motion and notices to creditors relating to that motion. The Debtor also provided notice to its creditors regarding confirmation of its Plan. Other categories of expenses were postage expense in connection with the notices to creditors, relatively small amounts of computer research charges and PACER fees. Reed Smith submits that these expenses were necessarily and appropriately incurred in connection with its representation of the Debtor in this case. A summary listing of these expenses is contained in Exhibit E attached hereto.

### IV. STATEMENT PURSUANT TO SECTION 504 AND BANKRUPTCY RULE 2016(b)

29. The services that Reed Smith provided were required for the necessary and appropriate representation of the Debtor in this case and were authorized by order of this Court. Pursuant to Section 330 of the Bankruptcy Code and the generally applied standards of the time, nature, extent and value of the services performed, the services provided by Reed Smith are compensable from the Debtor's estate.

30. There has been no duplication of services by the Reed Smith attorneys. The services have been primarily provided by Stephen Bobo, with the assistance of associate Aaron Chapin and paralegal Anne Arundel.

31. All services of Reed Smith were provided exclusively to the Debtor and to no other party. Neither Reed Smith nor any of its attorneys have any connection with any party in interest, their attorneys or accountants.

32. No agreement exists between Reed Smith and any other person for the sharing of compensation to be received by Reed Smith in these cases, except as may be allowed by Section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among partners of Reed Smith.

33. The nature of the issues presented in the Debtor's chapter 11 case required experienced legal representation for the Debtor. This case has required Reed Smith's bankruptcy professionals to devote significant time and effort to properly represent the Debtor and the interests of its estate.

34. Reed Smith seeks compensation for its services at usual and customary rates charged for services, both in and out of bankruptcy proceedings, performed for other clients of the firm. Reed Smith's rates are commensurate with other firms of comparable expertise.

35. One Reed Smith attorney has been primarily involved in representing the Debtor during the Application Period. Stephen Bobo, a Reed Smith partner, is a 1980 graduate of the George Washington University Law School and has been practicing law for 33 years. He has focused his practice on bankruptcy and insolvency matters, both in and out of court, for the last 28 years. He regularly represents debtors, creditors' committees, secured creditors, trustees, and individual creditors in a variety of bankruptcy cases both in this district and elsewhere. He also frequently serves as an equity receiver in fraud cases. Mr. Bobo speaks regularly on bankruptcy and insolvency-related issues. He has been primarily responsible for representing the Debtor in this case, and his customary hourly billing rate for the Application Period is $675.00. Aaron Chapin, a senior associate in Reed Smith's Corporate Restructuring and Bankruptcy practice group, has assisted on certain matters from time to time. He is a 2006 graduate of the University of Minnesota Law School and a former law clerk of Bankruptcy Judge Pat E. Morgenstern-Clarren of the Northern District of Ohio. His customary hourly billing rate for the Application

Period is $470.00. E. Anne Arundel, an experienced bankruptcy paralegal with an hourly rate of $275, assisted on certain tasks related to case administration.

36. On an overall basis, Reed Smith is seeking compensation for:

(i) 39.40 hours of services provided by Stephen Bobo during the Application Period, for which $26,325.00 is sought as interim compensation;

(ii) 1.10 hours of services provided by Aaron Chapin during the Application Period, for which $517.00 is sought; and

(iii) .40 hour of services provided by E. Anne Arundel during the Application Period, for which $220.00 is sought.

37. The affidavit of Stephen Bobo submitted in support of this Application and attesting to the accuracy of the information contained in it is attached hereto as Exhibit F.

## V.  PAYMENT OF REQUESTED COMPENSATION FROM FUNDS OF THE DEBTOR

38. Reed Smith no longer holding a retainer from the Debtor. The compensation awarded under this Application will be satisfied from funds of the Debtor held in the Liquidating Trust for the Debtor. These funds represent the proceeds of and the collection of its accounts receivable. The Debtor has no secured lender, and its assets are not subject to a security interest or other lien.

## VI.  NOTICE

39. Reed Smith has given twenty one days notice of this Application to the Liquidating Trustee, the Debtor, all creditors, the U.S. Trustee, and to all parties that have appeared or requested notice pursuant to Bankruptcy Rule 2002 in compliance with the requirements of Bankruptcy Rule 2002(a)(6).

40. For all of the reasons set forth in this application, Reed Smith respectfully submits that the services rendered and the disbursements incurred during this case have been reasonably expended in order to adequately represent and advance the interests of the Debtor and its estate. Reed Smith submits further that it has provided such services in an economical and efficient manner. Accordingly, Reed Smith requests that the relief requested in this Application be granted in all respects.

WHEREFORE, Reed Smith respectfully requests that this Court enter an order:

(i) allowing Reed Smith's requested compensation in the amount of $27,062.00 for the and reimbursement of expenses in the amount of $778.60, for a total amount of $27,840.60 for services provided and costs incurred from November 1, 2013 through December 31, 2013;

(ii) authorizing and directing the Liquidating Trustee to pay the amounts awarded to Reed Smith from the funds held in the Liquidating Trust for the Debtor;

(iii) confirming the amounts of interim compensation and expense reimbursement previously awarded to Reed Smith; and

(iv) granting such other relief as may be appropriate and just in the circumstances.

Dated: February 11, 2014.    Respectfully submitted,

**REED SMITH, LLP**

By:   /s/Stephen T. Bobo
      One of its partners

Stephen T. Bobo
Reed Smith LLP
10 S. Wacker Drive, 40th Flr.
Chicago, IL 60606
Telephone: 312-207-1000
Facsimile: 312-207-6400
sbobo@reedsmith.com

## CERTIFICATE OF SERVICE

I, Stephen T. Bobo, certify that on February 11, 2014, I caused the foregoing **Application of Reed Smith LLP for Allowance of Final Compensation and for Reimbursement of Expenses as Counsel to Shared Marketing Services, Inc.**, to be served on the parties via the Court's CM/ECF system, to each party that has filed an electronic appearance in this proceeding and First Class U.S. Mail postage prepaid on the following party:

Rick Lattanzio
Strategic Fuse
444 N. Michigan Ave.
Suite 2800
Chicago, IL 60611

Alex D. Moglia
Moglia Advisors
1325 Remington Road, Suite H
Schaumburg, IL 60173

By: /s/ Stephen T. Bobo
One of Its Attorneys